IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNEY McCLENDON, ) | |
| ) | |
| Petitioner, ) | No. C 04-3359 CRB (PR) |
| ) | |
| vs. ) | ORDER GRANTING MOTION |
| ) | TO DISMISS |
| BILL LOCKYER, Attorney General, ) | |
| ) | (Docs # 11 & 12) |
| Respondent. ) | |
| ) | |

      Petitioner filed the instant pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the June 21, 2001 decision of the Governor of the State of California to revoke a parole date granted him on February 27, 2001 by the California Board of Prison Terms ("BPT"). Petitioner was recently released on parole, however.

      Where a prisoner seeks release on parole and does not challenge the validity of his conviction, his habeas petition becomes moot once he is released on parole. See Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988); see also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988) (a moot action is one in which the parties lack a legally cognizable interest in the outcome). The possibility of parole revocation does not present a situation which is "'capable of repetition, yet evading review'" to which the doctrine of mootness may not apply. Id. (citation omitted).

Here, petitioner claims that the June 21, 2001 decision of the Governor to revoke a parole date granted him on February 27, 2001 by BPT was not based on evidence bearing some indicia of reliability and that it violated the Ex Post Facto Clause.  Because petitioner has now been released on parole and does not challenge his conviction, he lacks a cognizable interest in the outcome of this action.  See Reimers, 863 F.2d at 632; Fendler, 846 F.2d at 555.

Petitioner's contention that this action is not moot because, had he been released earlier on parole, he would be "nearing the completion of parole instead of just starting" does not compel a different result.  The mere possibility of earlier termination of parole supervision does not circumvent mootness.  See id. (rejecting similar claim by federal prisoner where prisoner may seek review of his eligibility for early termination of parole by applying to the parole commission directly).  At minimum, petitioner must exhaust state administrative and judicial remedies in connection with his apparent new claim to have his release "backdated" before seeking federal habeas relief.  Accord id. (federal prisoner seeking to have his release backdated must exhaust administrative remedies before seeking federal habeas relief).

For the foregoing reasons, respondent's motion to dismiss (doc # 11) is GRANTED.  The clerk shall enter judgment in favor of respondent, terminate all pending motions (see, e.g., doc # 12) as moot, and close the file.

SO ORDERED.

DATED:  December 13, 2005

CHARLES R. BREYER
United States District Judge

2